IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL TOVAR, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:19-CV-803-M-BK |
| | § | |
| U.S. HEALTHWORKS, HECTOR | § | |
| GONZALEZ, MARY DIAZ, MONICA | § | |
| MEDINA, CONCENTRA, AND BRIANNA | § | |
| MCGEE, | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Now before the Court is Defendants' *12(b)(1) and 12(b)(6) Motion to Dismiss with Prejudice*. Doc. 14. Upon consideration, the motion should be **GRANTED** to the extent that all of Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE**.

**I.     BACKGROUND**

In May 2019, Plaintiff filed the operative *pro se Second Amended Complaint*. Her allegations stem from a purported "lewd" physical examination by Defendant Brianna McGee at Defendant U.S. Healthworks' facility after Plaintiff's employer required her to get a physical following an on-the-job injury. Doc. 9 at 2-3. Plaintiff asserts that the Court has federal question jurisdiction and cites, in passing, various constitutional amendments, federal and state criminal statutes, sections of the Texas Administrative Code, and the like. Doc. 9 at 1-2, 6. The sole cause of action she explicitly raises, however, is negligence. Doc. 9 at 4. Defendants now

move to dismiss this action pursuant to Rule 12(b)(1) and, alternatively, Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Doc. 14.  Plaintiff has responded, and the motion is ripe for adjudication.  *See* Doc. 18; Doc. 19.

## II.     APPLICABLE LAW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction.  *See* FED. R. CIV. P. 12(b)(1).  Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional authority to adjudicate the claim.  *Home Builders Assoc. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the "jurisdictional attack before addressing any attack on the merits."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Moreover, where both Rule 12(b)(1) and 12(b)(6) grounds for dismissal have merit, the court should dismiss only on the jurisdictional ground.  *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).  This prevents a court without jurisdiction from prematurely dismissing a case with prejudice, and thereby allows a plaintiff to pursue her claim in a court that does have proper jurisdiction.  *Id.*

In considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).  All factual allegations of the complaint must be accepted as true.  *Id.*

**III.   ANALYSIS**

In her operative complaint, Plaintiff only fleetingly alleges that Defendants' actions violated her First, Fourth, Eighth, and Fourteenth Amendment constitutional rights. Doc. 9 at 1. However, she posits nothing that can even be liberally construed to constitute a civil rights action under 42 U.S.C. § 1983.[1] Thus there is no basis for federal question jurisdiction in Plaintiff's barebones invocation of the Constitution, and these claims should be dismissed.

Plaintiffs' reliance on federal criminal statutes is similarly unavailing because private causes of action are not available under penal statutes. *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) (stating that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another). Thus, these claims should be dismissed as well. *See* Doc. 9 at 1 (raising claims pursuant to 18 U.S.C. §§ 241, 248, 1584).

Plaintiff's complaint next cites to 48 U.S.C. § 1421b, which extends the Bill of Rights to the United States territory of Guam. Doc. 9 at 1. This provision clearly does not apply to Plaintiff's claims as she does not allege that any of the underlying events occurred in Guam. Plaintiff also cites to the entirety of the Privacy Protection portion of the Public Health and Welfare Code. Doc. 9 at 1. This act governs searches and seizures by government officers and employees related to the investigation and prosecution of criminal offenses. *See* 42 U.S.C. 21A. Again, however, Plaintiff does not allege the involvement of any government officials in her physical examination, let alone her own suspected involvement in a criminal offense.

---

[1] Indeed, Plaintiff does not even suggest, let alone allege, that any of the Defendants are state actors or acted in concert therewith. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (section 1983 does not reach "private conduct, no matter how discriminatory or wrongful").

Plaintiff's reliance on 38 U.S.C. § 7331 is also irrelevant as that statute requires the informed consent of patients involved in medical research. Finally, Plaintiff's passing remark that Defendants' actions violated "federal laws under Department of Transport [sic] and Federal Motor Carrier Safety Administration" is simply too vague to implicate federal question jurisdiction. Because Plaintiff has not invoked the Court's subject matter jurisdiction, her citations to various Texas statutes and causes of action are immaterial as there is no basis for supplemental jurisdiction.

In sum, Plaintiff's complaint is subject to dismissal without prejudice for lack of jurisdiction. *See Griener v. United States*, 900 F.3d 700, 705-06 (5th Cir. 2018) (holding that district court erred in dismissing case with prejudice based on lack of subject matter jurisdiction).

## IV.   LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend her complaint prior to dismissal. However, leave to amend is not required when a plaintiff has already pled her best case. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Plaintiff has amended her complaint twice, at the Court's direction, in an attempt to establish subject matter jurisdiction. *See* Doc. 6; Doc. 8. Still she has failed to do so. At this juncture, it is clear that Plaintiff has pled her best case and granting her leave to amend yet again would be futile and cause needless delay.

## V.    CONCLUSION

For the reasons stated above, it is recommended that Defendants' *12(b)(1) and 12(b)(6) Motion to Dismiss With Prejudice*, Doc. 14, be **GRANTED** to the extent that Plaintiff's claims

4

be **DISMISSED WITHOUT PREJUDICE**, and the Clerk of the Court should be directed to close this case.

      **SO RECOMMENDED** on February 3, 2020.

                                            RENEE HARRIS TOLIVER
                                            UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).